1  **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Shawn P. Gaines,                    )    No. CV-04-2937-PHX-MHM
                                        )
10              Plaintiff,              )    **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    STMicroelectronics, Inc.,           )
13                                      )
                Defendant.              )
14                                      )
                                        )
15

16        Defendant has filed a motion to dismiss Counts III, IV, V, and IX of Plaintiff's first

17  amended complaint on the ground that these claims are time-barred. (Doc. 7). Plaintiff has

18  filed a response in opposition (Doc. 10) and Defendant has filed a reply. (Doc. 13). The

19  Court has determined that oral argument would not materially assist in the resolution of

20  Defendant's motion to dismiss.

21        Also before the Court is a motion to withdraw filed by Plaintiff's counsel. (Doc. 12).

22   The Court held a brief hearing on the motion to withdraw on March 13, 2006. Plaintiff

23  failed to appear in person at the hearing.

24                                      I.

25                                  Background.

26        Plaintiff was employed by Defendant STMicroelectronics, Inc. from September 1995

27  to December 19, 2002 when his employment was terminated. Prior to his employment

28  termination, Plaintiff filed a Charge of Discrimination with the Equal Employment

1   Opportunity Commission ("EEOC") No. 350-A300653 ("Charge One") against Defendant

2   on December 9, 2002.  Plaintiff stated in this charge that he and a class of African American

3   employees had been subjected to a hostile work environment to discriminatory terms and

4   conditions of employment because of race. Plaintiff further stated that he had been subjected

5   to frequent and derogatory race-referenced jokes, comments and remarks by management and

6   co-workers and that he had been denied no less than five promotions that were awarded to

7   less senior, less qualified non-African American individuals.  Plaintiff also contended that

8   he had been disciplined for alleged company policy violations while non-African American

9   employees had not been so treated.  Plaintiff stated that he had complained to management

10  about the alleged discriminatory treatment but no effective action had been taken to remedy

11  these circumstances.  Plaintiff checked the box for "race" regarding the cause of

12  discrimination on which his charge was based.  Plaintiff identified December 6, 2002 as the

13  date the discrimination took place.  On September 29, 2004, the EEOC issued a right to sue

14  letter.  Plaintiff was advised in the letter that he must file his lawsuit within 90 days of his

15  receipt of this notice.

16          On December 20, 2002, Plaintiff filed a second Charge of Discrimination No. 350-

17  A300750 ("Charge Two") against Defendant.  As to this charge, Plaintiff checked the boxes

18  for "race," "retaliation" and "disability" as the cause of the discrimination. Plaintiff stated

19  in this charge that he had made a formal, written complaint on December 5, 2002, that

20  addressed the repeated, discriminatory practices based on race that were occurring within

21  Defendant's organization against a class of African American manufacturing technicians.

22  Plaintiff identified several of Defendant's management employees whom he had notified of

23  his concerns.  Plaintiff stated that since he had submitted his letter of complaint, he had been

24  harassed in that his work had been closely scrutinized by management and that on December

25  18, 2002, he had been directed by his supervisor to leave the workplace before the end of his

26  regularly scheduled work shift.  Plaintiff also stated that he had requested and been denied

27  reasonable accommodation for his disability of record and had been consistently disciplined

28  for absences due to his disability.  Plaintiff stated that non-African Americans had not

1   received similar treatment.  Plaintiff stated that he had been discharged on December 19,

2   2002.  On July 14, 2004, the EEOC issued a right to sue letter which stated that the EEOC

3   had been unable to conclude that the information obtained established a violation of law.

4   Plaintiff was advised that he had 90 days from the receipt of the notice in which to file suit.

5          On December 20, 2004, Plaintiff filed the original complaint in the instant lawsuit

6   asserting claims against Defendant based on a violation of the Family and Medical Leave Act

7   ("FMLA"), 29 U.S.C. sec. 2601, et seq. Plaintiff alleged that he had a "serious health

8   condition" within the meaning of the FMLA which required him to be absent from work on

9   August 23, 28-29, September 4, November 22-23 and December 18, 2002.   Defendant

10  allegedly refused to allow Plaintiff to use FMLA leave and failed to provide Plaintiff with

11  the required notice of his FMLA leave rights.  Plaintiff further alleged that he had suffered

12  considerable emotional distress over the loss of his job. Plaintiff asserted claims for

13  interference or denial of leave rights (Count I) and unlawful discharge and discrimination

14  (Count II), both predicated on violation of the FMLA.

15         On December 28, 2004, Plaintiff filed a first amended complaint in which he re-

16  asserted his claims based on violation of the FMLA (Counts I and II).  Plaintiff added claims

17  for race discrimination (Count III), race - harassment (Count IV), and retaliation (Count V),

18  based on violation of Title VII, 42 U.S.C. §§ 2000e et seq.; for race discrimination (Count

19  VI), race harassment (Count VII), and retaliation (Count VIII), based on 42 U.S.C. § 1981;

20  and a state law claim for intentional infliction of emotional distress (Count IX).

21         Plaintiff has asserted as additional allegations in the first amended complaint that

22  Defendant harassed him and discriminated against him making his work environment hostile,

23  intimidating and intolerable.   Plaintiff specifically has alleged that the discrimination

24  included but is  not limited to racial slurs, rude and abusive treatment, demeaning emails, and

25  denial of promotions because of race.  Plaintiff has asserted that he reported the unlawful

26  actions to Defendant on December 5, 2002 and on other occasions and that Plaintiff filed a

27  charge of discrimination with the EEOC  on December 9, 2002 alleging race discrimination

28  and retaliation.

1    In support of his claim for race discrimination in Count III, Plaintiff alleges that

2 "Defendant intentionally discriminated against Plaintiff on account of race ... by denying

3 [him] equal terms, conditions and privileges of employment, including but not limited to,

4 discharging [Plaintiff's] employment under the pretext that he had violated Defendant's

5 attendance policies." (First amended complaint at ¶ 60).   As to the claim in Count IV  for

6 race - harassment, Plaintiff alleges that he "suffered unlawful harassment because of his race,

7 African American;" that "[t]he harassment was offensive, severe, pervasive, and intolerable;"

8 and that Defendant was aware of the harassment and "failed and/or refused to take corrective

9 action to protect Plaintiff" from the unlawful activity.  (id., at ¶¶ 64-67).  In support of his

10 retaliation claim asserted in Count V, Plaintiff alleges that he "opposed the unlawful

11 discrimination and harassment he was experiencing by reporting the conduct to his

12 supervisor and other superiors", that Defendant "intentionally retaliated against [him]

13 because he opposed race discrimination, including harassment," and that Defendant failed

14 to promptly investigate Plaintiff's allegations and failed to take prompt, effective remedial

15 action as required by Title VII and its own policies. (id., at ¶¶ 71-74).

16                                              II.

17                                         Discussion.

18    Defendant contends that Plaintiff's claims based on Title VII and his state law claim

19 for intentional infliction of emotional distress are time-barred. Plaintiff opposes the motion

20 by arguing that his Title VII claims are based on the first Charge of Discrimination he filed

21 with the EEOC on December 9, 2002 and that his state law claim is timely based on the

22 theory of relation back under Fed.R.Civ.P. 15.

23    A.  Plaintiff's Title VII claims.

24    Defendant contends that Plaintiff's right to sue letter as to Charge Two was dated July

25 14, 2004 but he did not file his initial complaint commencing this lawsuit until December 20,

26 2004, well over two months past the 90-day limitations period.  Defendant therefore contends

27 that Plaintiff's Title VII claims (Counts III - V) are untimely and must be dismissed.

28

- 4 -

1        Plaintiff has responded by arguing that his Title VII claims are based on Charge One,

2    not Charge Two.  Plaintiff points out that the right to sue notice relevant to Charge One is

3    dated September 29, 2004 and that he filed his first amended complaint on December 28,

4    2004, less than 90 days later.

5        After filing a charge with the EEOC, the EEOC gives the "aggrieved party" notice of

6    his right to sue, and the claimant must bring suit within ninety days of receiving the notice.

7    42 U.S.C. sec. 2000e-5(f)(1).  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148

8    n.1 (1984)(per curiam)(the presumed date of receipt of right-to-sue letter was 3 days after

9    issuance under Fed.R.Civ.P. 6(e)); Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383-84

10   (9th Cir. 1997)(similar holding).  The requirement for filing a Title VII civil action within 90

11   days from the date EEOC dismisses a claim constitutes a statute of limitations.  If the

12   claimant fails to file within the 90-day period, the action is barred accordingly.  Scholar v.

13   Pacific Bell, 963 F.2d 264, 266-67 (9th Cir. 1992)(citing Edwards v. Occidental Chem. Corp.,

14   892 F.2d 1442, 1445 (9th Cir. 1990)). The statute of limitations is subject to the doctrine of

15   equitable tolling and relief from strict construction is readily available in extreme cases. Id.

16   at 267.

17       Generally, "'[t]he jurisdictional scope of a Title VII claimant's court action depends

18   on the scope of both the EEOC charge and the EEOC investigation.'"  Equal Employment

19   Opportunity Commission v. National Education Association, Alaska, 422 F.3d 840, 847 (9th

20   Cir. 2005(quoting Sosa v. Hiraoka, 920 F.2d 1451,1456 (9th Cir. 1990)).  The EEOC charge

21   must be clear enough to notify the agency of the legal theory being argued and the operative

22   facts at issue.  Ong v. Cleland, 642 F.2d 316, 318 (9th Cir. 1981).

23       The first amended complaint specifically mentions the EEOC Charge of

24   Discrimination Plaintiff filed on December 9, 2002, which is Charge One, and the right-to-

25   sue letter.  This Court therefore can consider Charge One and the right-to-sue letter in ruling

26   on Defendant's motion to dismiss.  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994(a

27   document is not considered "outside the pleading" for purposes of Rule 12(b) "if the

28   complaint specifically refers to the document and if its authenticity is not questioned").  The

1  Court also has considered EEOC Charge Two which is attached to Defendant's motion to

2  dismiss because of the nature of the argument Defendant has raised, that is, the Title VII

3  allegations of the first amended complaint are based on Charge Two and are therefore time-

4  barred.  The authenticity of the documents related to Charge Two has not been questioned.

5  The Court has determined that Plaintiff may proceed on his Title VII claim asserted

6  in Count  IV based on race - harassment but not on his Title VII claims asserted in Counts

7  III and V.   In his EEOC Charge One, Plaintiff set forth facts that can be construed as

8  describing a hostile work environment predicated on conditions of employment that included

9  improper remarks by managers and co-workers of a racial nature, denial of promotions on

10 account of race, discriminatory discipline, and failure of management to take corrective

11 action.  In his EEOC Charge Two, Plaintiff set forth circumstances that can be construed as

12 describing retaliation as a result of his complaints to management, failure to accommodate

13 disability and discriminatory employment termination.

14 Plaintiff's claim in Count IV alleges racial discrimination based on harassment/hostile

15 work environment which, in light of the allegations contained in paragraph 32 of the first

16 amended complaint, encompasses rude, abusive and disparate treatment, improper comments

17 of a racial nature, and denial of promotions. These allegations were described in EEOC

18 Charge One and therefore Count IV of the first amended complaint was timely filed.

19 Plaintiff's claim in Count III is based on discriminatory employment termination, that

20 is, Plaintiff alleges in Count III that he was discriminated against on account of race and that

21 such discrimination included discharging him from his employment. (Doc. 2 - first amended

22 complaint at ¶ 60).  Plaintiff's claim in Count V is based on retaliation for reporting alleged

23 discriminatory and harassing activity at the work place.  Plaintiff's complaints based on

24 employment termination and retaliation were set forth in EEOC Charge Two and therefore

25 his claims asserted in Counts III and V are not timely.

26 Defendant's motion to dismiss Count IV is denied.  Defendant's motion to dismiss

27 Counts III and V is granted and these claims are dismissed as time-barred.

28 B.  Timeliness of Plaintiff's claim for intentional infliction of emotional distress.

- 6 -

1     Defendant contends that Plaintiff's cause of action for intentional infliction of

2 emotional distress asserted in Count IX of the first amended complaint accrued on the date

3 of employment termination, December 19, 2002.  Defendant contends that the claim is

4 subject to a two-year limitations period and therefore is untimely because the claim was

5 asserted for the first time in the amended complaint filed on December 28, 2004.  Defendant

6 also argues that the claim is untimely even from the date of the filing of the original

7 complaint on December 20, 2004.

8     Plaintiff has responded that under Fed.R.Civ.P. 15(c), a claim asserted in an amended

9 complaint may relate back to the date of filing of the original complaint for statute of

10 limitations purposes where the new claim is based on the same conduct, transaction or

11 occurrence as asserted in the original complaint.  Plaintiff contends that the facts underlying

12 the original complaint and the amended complaint involve Defendant's deprivation of

13 Plaintiff's rights by disparate treatment and retaliation at work culminating in Plaintiff's

14 employment termination. Defendant has answered in its reply that Plaintiff's original

15 complaint asserted factual allegations that Defendant terminated Plaintiff's employment for

16 excessive absences when Plaintiff attempted to exercise his right to FMLA leave.  Defendant

17 contends that these allegations lacked any reference to racial discrimination and retaliation

18 and that nothing about Plaintiff's FMLA claim gave Defendant notice that it would have to

19 defend an intentional infliction of emotional distress claim based on allegations involving

20 race discrimination and retaliation.

21     The Court initially notes that if Plaintiff's claim in Count IX is found to relate back

22 to the date of the filing of the original complaint, the claim is not time-barred.  As Defendant

23 points out, under Arizona law, Plaintiff's claim for intentional infliction of emotional distress

24 must be filed within two years of the date on which the action accrued.   Plaintiff's

25 employment was terminated on December 19, 2002 and he therefore had two years from that

26 date in which to file his complaint asserting an emotional distress claim.  See Hansen v. Stoll,

27 636 P.2d 1236, 1242 (Ariz. App. 1981)(citing A.R.S. § 12-542(1)).  Assuming that

28 Defendant's argument is correct and the first day of the limitations period is not counted and

1 the period ends on the anniversary date, Plaintiff's claim had to be filed no later than

2 December 19, 2004.  The date of December 19, 2004 fell on Sunday.

3 　　　As discussed in Thielking v. Kirschner, 859 P.2d 777 (Ariz. App. 1993), Arizona

4 courts apply Ariz.R.Civ.P. 6(a) "to lengthen the filing time otherwise provided by

5 jurisdictional statutes." Under Ariz.R.Civ.P. 6(a), as under the federal counterpart,

6 Fed.R.Civ.P. 6(a), when a prescribed period to act would otherwise expire on a Saturday,

7 Sunday, or legal holiday, "the period runs until the end of the next day which is not a

8 Saturday, a Sunday, or a legal holiday."  As further discussed in Thielking, Rule 6(a) has

9 been applied to the statutory two year limitations period for tort complaints.  Id., 859 P.2d

10 at 783 (citing Salzman v. Morentin, 567 P.2d 1209, 1209 (Ariz. App. 1977)).  Where the

11 statutory period ends on a Saturday or Sunday, a Monday filing is timely.  Id., (citing Frey

12 v. Woodard, 748 F.2d 173 (3d Cir. 1984)).  Plaintiff filed the original complaint in this case

13 on Monday, December 20, 2004.

14 　　　Under Rule 15(c), a claim in an amended pleading relates back to an earlier pleading

15 of which the defendant had notice when "the claim or defense asserted in the amended

16 pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set

17 forth in the original pleading. ..." "The rationale of Rule 15(c) is that a party who has been

18 notified of litigation concerning a particular occurrence has been given all the notice that

19 statutes of limitations were intended to provide." Baldwin County Welcome Ctr., 466 U.S.

20 at 149-50 n.3; S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1314 (9th Cir. 1982).  A claim is not

21 time-barred if it "relates back" to a timely filed complaint. See Percy v. San Francisco Gen.

22 Hosp., 841 F.2d 975, 979 (9th Cir. 1988)("[t]he relation back doctrine of Rule 15(c) is a bar

23 to the statute of limitations."). See Goodman v. United States, 298 F.3d 1048, 1053 (9th Cir.

24 2002)("relation back" provisions of Rule 15(c) permit a party to amend a pleading despite

25 applicable statute of limitations where "the claim ... arose out of the conduct, transaction, or

26 occurrence set forth ... in the initial pleading").

27 　　　Plaintiff appears to acknowledge that his claim for intentional infliction of emotional

28 distress is based on the facts that relate to his claims of disparate treatment, that is, race

1  discrimination, and retaliation.  Other than contending that his emotional distress claim is

2  based on the same allegations as contained in the original complaint, Plaintiff has not

3  identified the specific allegations which indicate that the emotional distress claim "[arises]

4  out of the conduct, transaction, or occurrence set forth ... in the initial pleading".  Plaintiff

5  has not demonstrated that his claim for intentional infliction of emotional distress asserted

6  in Count IX relates back to the date of  the original complaint.[1]  Defendant's motion to

7  dismiss Count IX as time-barred is granted.

8          C.  <u>The motion to withdraw filed by Plaintiff's counsel</u>.

9          Plaintiff's counsel has filed a motion to withdraw.  Plaintiff did not appear in person

10 at the March 13th hearing to discuss whether he plans to obtain new counsel or proceed pro

11 se. Plaintiff is directed to indicate in writing by filing an appropriate notice whether he

12 intends on proceeding pro se in this case or whether he is planning on obtaining new counsel.

13 Plaintiff's written notice shall be filed no later than April 14, 2006.  The motion to withdraw

14 filed by Plaintiff's counsel shall be considered at a hearing on April 25, 2006 at 3:30 p.m.

15      **Accordingly,**

16      **IT IS ORDERED** that Defendant's motion to dismiss certain counts of the first

17 amended complaint (Doc. 7) is granted in part and denied in part.

18      **IT IS FURTHER ORDERED** that Defendant's motion to dismiss Counts III, V and

19 IX of the first amended complaint as time-barred is granted and these counts are dismissed.

20      **IT IS FURTHER ORDERED** that Defendant's motion to dismiss Count IV of the

21 first amended complaint is denied.

22      **IT IS FURTHER ORDERED** that on or before April 14, 2006, Plaintiff shall file

23 a notice with the Court stating whether he intends on proceeding pro se in this case or

24 whether he is planning on obtaining new counsel. The motion to withdraw filed by Plaintiff's

25 counsel is set for a hearing on **April 25, 2006** at **3:30 p.m.**

26

27

28      [1]The reference in Count IX of the first amended complaint to "plaintiffs Rawson and
   Mosley" (Doc. 2 - first amended complaint at ¶ 89) is unclear.

1   DATED this 26th day of March, 2006.

_____
Mary H. Murguia
United States District Judge

- 10 -